IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CR-00053-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>REGINALD FREDERICK WATSON, )<br>    Defendant. ) | O R D E R |

This matter is before the court on Reginald Frederick Watson's September 15, 2016 *pro se* motion [DE-41]. In his motion, Watson appears to argue that in light of *Mathis v. United States/United States v. Hinkle*, No. 15-10067 (August 11, 2016), he is entitled to relief. *Id.* at 1. Also, Watson is requesting appointed counsel. *Id.*

Watson seems to be attacking the validity of his sentence; thus, the appropriate avenue to bring this challenge is by way of a § 2255 motion.[1] To the extent that Watson seeks to file a § 2255 motion, he must file it on the appropriate form. The Clerk of Court hereby is DIRECTED to send a copy of the appropriate § 2255 form to Watson. If Watson elects to pursue a § 2255 motion, he shall have twenty-eight (28) days within which to file his motion on the appropriate § 2255 form provided by the Clerk. Watson should send the original of the § 2255 form to:

> Clerk of Court
> United States District Court, E.D.N.C.
> ATTN: Prisoner Litigation Division
> P.O. Box 25670
> Raleigh, North Carolina 27611

---

[1] Title 28 Section 2255 states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

As noted, Watson has request appointed counsel. Watson is advised that there is no constitutional right to counsel in § 2255 proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *United States v. Williamson,* 706 F.3d 405, 416 (4th Cir. 2013). The court concludes that the interests of justice do not require appointment of counsel at this time. If the court determines that a hearing is necessary to address Watson's § 2255 and he qualifies for appointed counsel, an attorney will be appointed to represent him. Consequently, Watson's request for appointed counsel is DENIED without prejudice to renew.

SO ORDERED.

This **16** day of September 2016.

*James C. Fox*
JAMES C. FOX
SENIOR UNITED STATES DISTRICT JUDGE

2